UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOURTHERN DIVISION

CHRISTOPHER MCCRAY,

    Petitioner,                        Civil No. 2:08-CV-15166
                                          HONORABLE DENISE PAGE HOOD

v.

CINDI CURTIN,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO CONTINUE STAY  [DKT. # 14]**

      Before the Court is Petitioner's motion to extend the stay that was ordered by this Court on July 31, 2009.  For the reasons stated below, the motion will be denied.

      In 2006, Petitioner was convicted in state court of one count of second-degree murder, two counts of assault with intent to commit murder, and several lesser offenses. Following a direct appeal in the state courts, Petitioner filed an application for a writ of habeas corpus in this Court.  The petition contained claims that Petitioner had not exhausted in his state court appeal.  Accordingly, Petitioner moved to hold the petition in abeyance while he presented his new claims to the state courts in a post-conviction proceeding. The stay was granted on July 31, 2009, and Petitioner promptly filed for post-conviction relief in the state courts on September 8, 2009. On July 25, 2011, the Michigan Supreme Court denied Petitioner's application for leave to appeal, completing the exhaustion process for Petitioner's new claims.

      Petitioner alleges in his motion that sometime in July or August of 2011, the state filed additional murder charges against him.  Petitioner asserts that one of the surviving

1

victims of the original crime died, resulting in the new charges.  Petitioner alleges that if the new charges result in a conviction, it will likely give rise to new claims for him to present in the instant habeas action.

Nothing prevents a state prisoner from challenging multiple convictions arising out of the same state court in a single habeas petition.  See Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Court.  Because of the exhaustion requirement and the statute of limitations, however, the opportunity to challenge multiple convictions in a single habeas petitioner rarely arises. *Beyer v. Litscher*, 306 F.3d 504, 508 (7th Cir. 2002).  At least one Circuit Court has suggested that allowing such challenges in a single petition is often times preferable.  *See Beyer*, 306 F.3d at 508, ("When multiple convictions are amenable to simultaneous challenge joinder might help a federal court determine whether a particular claim or theory is moot, for if the sentences are concurrent then an order rejecting a collateral attack on the longer sentence obviates anything else.")

In this case, however, there is no existent second conviction to challenge.  Petitioner is facing new murder charges, but he has not been convicted of those charges, and he can only speculate that some unspecified constitutional error might occur at a trial that will not be addressed by the state appellate courts.  This case has already been stayed for a considerable period of time, and to grant the open-ended request by Petitioner would probably result in several more years of delay.  At this point, Petitioner can only speculate that additional habeas claims will arise.

Even assuming that Petitioner is convicted of a new offense, claims arising from that conviction could be made the subject matter of a second habeas petition.  *Hardemon v. Quarterman*, 516 F.3d 272, 276 (5th Cir. Tex. 2008) (A state habeas petitioner is permitted,

*but not required*, to challenge separate convictions in a single § 2254 petition). A potential second habeas petition challenging a new conviction would not be subject to the requirements of 28 U.S.C. 2244(b), which generally requires permission by the Court of Appeals before a "second or successive" petition may be filed. *See Magwood v. Patterson*, 130 S. Ct. 2788 (2010).

Because it appears that Petitioner filed the present motion within 60 days of the Michigan Supreme Court order denying his application for post-conviction review, he will be given 60 days from the date of this order to file an amended petition and reopen this action.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's motion is **DENIED**. Petitioner will be given sixty (60) days to file an amended petition.

**SO ORDERED.**


Dated:  December 21, 2011            S/Denise Page Hood
                                     Denise Page Hood
                                     United States District Judge


I hereby certify that a copy of the foregoing document was served upon Christopher McCray, 376263, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI 49660 counsel of record on December 21, 2011, by electronic and/or ordinary mail.

                                     S/LaShawn R. Saulsberry
                                     Case Manager

3